UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00213-MOC-DSC-11

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Vs. | ) ORDER<br>) |
| **MICHAEL SAXON** | )<br>) |
| Defendant. | ) |

This matter is before the Court on Defendant Saxon's Motion to Unseal Sentencing Memoranda of Government Witnesses (#300); Motion to Unseal, requesting the Court to make an in camera review of all sealed documents in Case No. 3:14-cr-00121, United States v. Rosenberg (#301); and Discovery Motion, requesting the Court compel the production of certain materials (#302). Defendant Dodt has adopted Defendant Saxon's Motion to Unseal Sentencing Memoranda (#304) and Motion to Unseal certain records in Case No. 3:14-cr-00121 (#305).

First, the Court notes that, to the extent that Defendants seeks disclosure of Giglio and Brady material, the Government is already obligated to make these disclosures. Moreover, the Government states in its brief in opposition that it is aware of and is complying with its continuing discovery obligations. The Government asserts that it has already produced most of the information that falls within these categories and that nothing more is required at this stage. The Government further states that it intends to produce the following materials on May 13 and on a rolling basis for any materials obtained thereafter: (1) relevant criminal history of the Government's witnesses; (2) indictment, factual basis, and plea agreement of the Government's

witnesses; (3) transcripts of prior testimony; (4) the sentencing memoranda of Rosenberg and any other witness it intends to call at trial; and (5) victim information.  As the date is now May 14, the Government may have at this point disclosed the materials listed above, therefore mooting Defendants' motions.

As to Defendant's Motion to Unseal (Doc. No. 301), in which Defendants request the Court make an in camera review of all sealed documents in Case No. 3:14-cr-00121, <u>United States v. Rosenberg</u>, the Government correctly notes that the district court is under no obligation to conduct the in camera review Defendant requests unless the accused clearly specifies the information he expects will reveal exculpatory or impeachment evidence.  <u>See</u> <u>United States v. Trevino</u>, 89 F.3d 187, 189 (4th Cir. 1996) (evaluating request for in camera review of PSR).  In any event, the Government has stated in its response that it will be producing Rosenberg's plea agreement, factual basis, and criminal history on May 13, so the request as to those documents and information may at this point be moot.  With respect to the information relating to the presentence report, to the extent those materials contain discoverable material, the Government states that it will provide a letter containing that information.

In any event, the Court advises Defendants that, to the extent that Defendants still seek to have the Court unseal the presentence report in Case No. 3:14-cr-00121, <u>United States v. Rosenberg</u>, Defendants must file the motion to unseal in that criminal case, and the sentencing court in <u>Rosenberg</u> must adjudicate the motion to unseal.  According to the Government's response, however, the motion to unseal may now be moot, as Defendants may have the information they were seeking.

Finally, Defendants state that they request the identity of CW#2 to allow them to interview this individual and discover if he would be a good witness for Saxon.  Defendants have

not met their burden of establishing they are entitled to this information by articulating a particularized need for the identity of the confidential source with respect to the crime charged, the possible defenses, the possible significance of the testimony, or other factors, particularly given that the Government does not intend to call this individual as a witness, the individual's attenuated role in connection with this case, and the important public interest in protecting the flow of information and safety of confidential informants. See Roviaro v. United States, 353 U.S. 53, 62 (1957). Thus, the motion seeking the identity of CW#2 is denied.

In sum, the Court finds that, as May 13 has come and gone, Defendants may now be in possession of various discovery materials they were seeking through their motions. To the extent that there are outstanding discovery issues that must be addressed before the start of trial, the parties should bring those to the Court's attention. Otherwise, Defendants shall notify the Court if the pending motions have now been mooted.

For the reasons stated in this Order, Defendant Saxon's Motion to Unseal Sentencing Memoranda of Government Witnesses (#300); Motion to Unseal, requesting the Court to make an in camera review of all sealed documents in Case No. 3:14-cr-00121, United States v. Rosenberg (#301); and Discovery Motion, requesting the Court compel the production of certain materials (#302), are denied in part and granted in part.

Signed: May 14, 2019

Max O. Cogburn Jr
United States District Judge